# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NATIONAL IMMIGRATION PROJECT OF THE NATIONAL LAWYERS GUILD, *et al.*, | |
| Plaintiffs, | |
| v. | Civil Action No. 1:20-cv-00852-CJN |
| EXECUTIVE OFFICE FOR IMMIGRATION REVIEW, *et al.*, | |
| Defendants. | |

# **EXHIBIT 2**



OOD
PM 20-10

Effective:      March 18, 2020

To:        All of EOIR
From:    James R. McHenry III, Director
Date:     March 18, 2020

## IMMIGRATION COURT PRACTICES DURING THE DECLARED NATIONAL EMERGENCY CONCERNING THE COVID-19 OUTBREAK

| | |
|---|---|
| PURPOSE: | Memorialize Immigration Court Practices During the Declared National Emergency Concerning the COVID-19 Outbreak |
| OWNER: | Office of the Director |
| AUTHORITY: | 8 C.F.R. § 1003.0(b) |
| CANCELLATION: | None |

To promote the safety of immigration court personnel, representatives, aliens, attorneys for the Department of Homeland Security, and the general public during the ongoing national emergency related to the COVID-19 outbreak[1], EOIR is issuing a Policy Memorandum (PM) adopting the following guidance for all immigration court cases[2] effective immediately and until further notice.

---

[1] The President issued a Proclamation on Declaring a National Emergency Concerning the Novel Coronavirus Disease (COVID-19) Outbreak on March 13, 2020. COVID-19 refers to a novel coronavirus first identified in 2019 in Wuhan, Hubei Province, People's Republic of China that has subsequently spread globally. It is also abbreviated SARS-CoV-2 to distinguish it from a previously-identified coronavirus SARS-CoV that causes severe acute respiratory syndrome, or SARS. Severe acute respiratory syndromes are considered communicable diseases of public health significance for purposes of 8 U.S.C. § 1182(a)(1)(A)(i). *See* 42 C.F.R. § 34.2(b)(1) (a communicable disease of public health significance under 8 U.S.C. § 1182(a)(1)(A)(i) includes "[c]ommunicable diseases as listed in a Presidential Executive Order, as provided under Section 361(b) of the Public Health Service Act [42 U.S.C. § 264(b)]"); Executive Order 13674, *Revised List of Quarantinable Communicable Diseases* (July 31, 2014) (amending Executive Order 13295 to specify that "[s]evere acute respiratory syndromes, which are diseases that are associated with fever and signs and symptoms of pneumonia or other respiratory illness, are capable of being transmitted from person to person, and that either are causing, or have the potential to cause, a pandemic, or, upon infection, are highly likely to cause mortality or serious morbidity if not properly controlled" are communicable disease for purposes of Section 361(b) of the Public Health Service Act).

[2] Effective March 18, 2020, EOIR has deferred hearings for all non-detained cases in immigration court scheduled to occur between that date and April 10, 2020. Nevertheless, some non-detained cases may be adjudicated without a hearing during that time consistent with this PM. This PM will continue to apply upon the resumption of hearings in non-detained cases.

1

I.  All individuals having business in person before an immigration court, to include respondents, representatives, and members of the general public, shall notify the security officer[3] at any security screening checkpoint if any of the following apply:

- Within the last 14 days, the individual has been in a country with a Level 3 Public Health Notice (signifying widespread, ongoing transmission) or a country subject to a Level 3 or Level 4 Travel Advisory based on COVID-19. As of the date of this Policy Memorandum, those countries include: China, Iran, South Korea, Austria, Belgium, Czech Republic, Denmark, Estonia, Finland, France, Germany, Greece, Hungary, Iceland, Italy, Latvia, Liechtenstein, Lithuania, Luxembourg, Malta, Netherlands, Norway, Poland, Portugal, Slovakia, Slovenia, Spain, Sweden, Switzerland, Monaco, San Marino, Vatican City, and Malaysia.

    The current list of countries with a Level 3 Public Health Notice may be found at: https://www.cdc.gov/coronavirus/2019-ncov/travelers/after-travel-precautions.html. Travel advisories the Department of State has issued may be found at: https://travel.state.gov/content/travel/en/traveladvisories/traveladvisories.html/.

- The individual has been asked to self-quarantine by local health authorities or a medical provider.

- The individual, or someone with whom the individual has had contact, has been diagnosed with COVID-19 within the past 14 days.

    No individual described in one of the above categories should be allowed into EOIR court space. If EOIR receives information that a respondent or representative is described in one of these categories, the adjudication of the relevant case shall be deferred to another date.

II. EOIR does not typically provide general guidance or reminders about established law or immigration court procedures because immigration judges and practitioners are already well-versed in the law applicable to immigration proceedings. Nevertheless, under the current conditions related to the COVID-19 outbreak, EOIR has determined that it may be helpful to remind immigration judges and practitioners of the following well-established authorities which may be utilized for preventative purposes to minimize contact among individuals involved in immigration proceedings. Immigration judges may consider applicable public health guidance in exercising these authorities.

- Immigration judges may waive the presence of represented aliens. 8 C.F.R. § 1003.25(a). An alien's representative and the attorney for the Department of Homeland

---

[3] As of the date of this PM, EOIR is holding hearings only for cases of detained aliens, and all visitors to detention facilities are typically subject to a security screening. EOIR does not control entry into any detention facility in which hearings may be conducted, and individuals seeking to attend hearings in such a facility may be subject to additional restrictions imposed by the facility operator that are not addressed in this PM.

2

Security (DHS) may also agree to hold a hearing without the presence of the alien. 8 U.S.C. § 1229a(b)(2)(A)(ii).

- Immigration judges may grant a motion for a continuance upon a showing of good cause. 8 C.F.R. § 1003.29.

- Depending upon physical facilities, immigration judges may place reasonable limitations upon the number in attendance at a hearing at any one time with priority being given to the press over the general public. For the purpose of protecting witnesses, parties, or the public interest, immigration judges may limit attendance at a hearing or hold a closed hearing. 8 C.F.R. §§ 1003.27(a) and (b).

- Immigration judges control their courtrooms and may exclude persons on a case-by-case basis, including persons exhibiting signs or symptoms of a potentially communicable condition.

- Immigration judges may issue standing orders, including orders regarding telephonic appearances by representatives, consistent with Policy Memorandum 20-09, *The Immigration Court Practice Manual And Orders* (Feb. 13, 2020).

- Immigration judges may direct that provisions of the Immigration Court Practice Manual (ICPM) are not applicable in particular cases. ICPM, sec. 1.1(b) ("The requirements set forth in this manual are binding on the parties who appear before the Immigration Courts, unless the Immigration Judge directs otherwise in a particular case.").

- Immigration judges may conduct any hearing by video teleconferencing (VTC) where operationally feasible. Immigration judges may conduct individual merits hearings by telephone in removal proceedings if the alien consents after being advised of the right to proceed in person or through VTC. 8 U.S.C. § 1229a(b)(2).

III. EOIR further memorializes the following policies in order to encourage immigration judges to resolve as many cases as practicable without the need for a hearing and, thus, to minimize contact among individuals involved in immigration proceedings.

- Parties are encouraged to resolve cases through written pleadings, stipulations, and joint motions. Such actions may resolve some types of cases without the parties needing to appear physically in court, though the ultimate disposition of any particular case remains committed to the immigration judge in accordance with the law. Joint or stipulated requests for the disposition of a pending case—*e.g.* requests for a stipulated order of removal, a stipulated order of voluntary departure, or a stipulated order granting protection or relief from removal or joint motions to terminate or dismiss proceedings—shall be adjudicated expeditiously by an immigration judge.

- Scheduling and holding a master calendar hearing solely for the filing of an application by a represented alien and the scheduling of an individual merits hearing on a future date is a disfavored practice. For cases involving represented respondents for whom removability has already been determined, the case is not on a status docket, and the case is not yet scheduled for an individual merits hearing, immigration judges are encouraged to issue a pre-hearing scheduling order establishing a deadline for the filing of any applications for protection or relief from removal in lieu of scheduling a master calendar hearing solely for the purpose of filing that application and scheduling a future individual merits hearing. If an application is not filed within the time set by the immigration judge, the opportunity to file that application or document shall be deemed waived. 8 C.F.R. § 1003.31(c). Upon expiration of the filing deadline, the immigration judge shall either schedule the case for an individual merits hearing or issue an appropriate order (*e.g.* for removal, voluntary departure, or withdrawal of application for admission).

- Scheduling and holding a hearing for a represented respondent on a contested issue of removability which involves solely a pure legal question (*e.g.* whether a respondent's criminal conviction constitutes a conviction for a particular category of aggravated felony) is a disfavored practice. Immigration judges are encouraged to resolve such issues based on briefing from the parties.

- Holding a hearing following the timely filing of a motion to dismiss or a motion to pretermit to which the opposing party has had an opportunity to respond in a case in which the ruling on the motion is dispositive of the outcome of the case is also a disfavored practice. Immigration judges should adjudicate motions in an expeditious manner and are encouraged to resolve cases based on the filings of the parties to the maximum extent practicable in accordance with the law.

- Hearings amenable to being conducted by telephone or VTC, especially for cases involving detained aliens, should be conducted through those mediums to the maximum extent practicable in accordance with the law.[4] In particular, reviews of negative credible fear determinations made by DHS may be heard by telephone or by VTC. 8 U.S.C. § 1225(b)(1)(B)(iii)(III).

This PM is not intended to, does not, and may not be relied upon to create, any right or benefit, substantive or procedural, enforceable at law or in equity by any party against the United States, its departments, agencies, or entities, its officers, employees, or agents, or any other person. Nothing herein should be construed as mandating a particular outcome in any specific case.

Please contact your supervisor if you have any questions.

---

[4] EOIR has used VTC for hearings for nearly three decades, and it has been shown to be a "proven success." *Jurisdiction and Venue in Removal Proceedings*, 72 *Fed. Reg.* 14494 (Mar. 28, 2007).